UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
People of the State of New York, by ERIC T. SCHNEIDERMAN, Attorney General of the State of New York,

                Plaintiff,

  -against-

Kenneth Griepp, Ronald George, Patricia Musco, Randall Doe, Osayinwense N. Okuonghae, Anne Kaminsky, Brian George, Sharon Doe, Deborah M. Ryan, Angela Braxton, Jasmine LaLande, Dorothy Rothar, Prisca Joseph, and Scott D. Fitchett, Jr.,

                Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17–CV–3706 (CBA) (JO)

**AMON, United States District Judge:**

Defendant Dorothy Rothar requests limited expedited discovery seeking (1) that Plaintiff provide Defendant with copies of any photos, videos, or audio recordings in its possession or control that depict any of the illegal acts that Plaintiff alleges Defendant Rothar engaged in outside of Choices Medical Center, and (2) the right to take the non-party deposition of a Community Affairs Officer from the New York Police Department's 103rd Precinct, which patrols the area in which the alleged illegal activities took place. (See D.E. # 54 ("Def. Mot.") at 1, 4.) Plaintiff opposes Defendant's request, asserting that expedited discovery is a procedural mechanism reserved for plaintiffs, that Defendant has no compelling need for the discovery, and that the request is overbroad, unduly burdensome, and unlikely to result in relevant evidence. (See D.E. # 58 ("Pl. Opp.").) As explained below, Defendant's request is granted in part and denied in part.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when

1

authorized by these rules, by stipulation, or by court order." The Second Circuit has yet to articulate a standard for determining whether to allow expedited discovery and courts in this circuit have variously applied either the four-part test derived from Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)—the elements of which track the standard for granting a preliminary injunction—or the more "flexible standard of reasonableness and good cause," Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). See, e.g., N. Atl. Operating Co. v. Evergreen Distribs., LLC, 293 F.R.D. 363, 367, 368 n.7 (E.D.N.Y. 2013) (noting the split and the trend in favor of the reasonableness test). Under the Notaro test, the moving party must "demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the [non-moving party] will suffer if the expedited relief is granted." Notaro, 95 F.R.D. at 405. The reasonableness and good cause test, on the other hand, requires only that the moving party "prove that the requests are reasonable under the circumstances." Pietsch v. Police Officer Vito Marcantonio, No. 13-CV-4696 (JS), 2016 WL 1069656, at *4 (E.D.N.Y. Mar. 16, 2016) (quoting N. Atl. Operating, 293 F.R.D. at 367). Defendant asserts that both her requests meet either standard. (See Def. Mot. 2–5.)

1. **Request for Materials**

As a preliminary matter, Plaintiff's argument that expedited discovery under Rule 26(d)(1) is a remedy reserved only for plaintiffs is entirely meritless. Although Plaintiff here notes that the cases Defendant cites (and the cases *those* cases cite) all concerned plaintiffs seeking expedited discovery, this only reflects the unsurprising fact that plaintiffs overwhelmingly are the parties seeking such discovery. Plaintiff's reliance on these cases to suggest that therefore defendants

*may not* seek expedited discovery is puzzling, considering the plethora of courts, in this and other circuits, who have permitted defendants to take such discovery. See, e.g., LSSi Data Corp. v. Time Warner Cable, Inc., 892 F. Supp. 2d 489, 498 (S.D.N.Y. 2012) (noting that the court had previously granted defendant's request for expedited discovery on plaintiff's preliminary injunction motion). See also Ciena Corp. v. Jarrard, 203 F.3d 312, 320 (4th Cir. 2000) (remanding "to the district court with instructions to allow [Defendant] such expedited discovery on the injunction application as she may justify to the court"); Doe v. Marine-Lombard, No. 16-CV-14876, 2016 WL 6658965, at *3 (E.D. La. Nov. 10, 2016) ("The Defendant seeks the expedited discovery to arguably prepare its opposition to the Plaintiffs' motion for preliminary injunction. Certainly, this purpose for the amendment demonstrates good cause because the normal course of discovery would not provide enough time to conduct the discovery prior to the Court's consideration of the motion for preliminary injunction."); AT&T Corp. v. Vision One Sec. Sys., 914 F. Supp. 392, 396 (S.D. Cal. 1995) (noting a prior order in which "the Court granted defendants' request for expedited discovery in connection with the preliminary injunction").

Moving to the merits, the Court finds Defendant's request for early production of copies of photos, videos, or audio recordings in Plaintiff's possession or control that Plaintiff alleges depict Defendant engaging in illegal conduct—to the extent that it is limited to documents that Plaintiff intends to use at the preliminary injunction hearing—is entirely reasonable. Plaintiff's evidence concerning Defendant's illegal conduct is contained in Mary Lou Greenberg's declaration and the attached exhibits. (See D.E. # 2-1 ("Pl. Mem. of Law") at 16; D.E. # 7 ("Greenberg Dec.") ¶ 18 and Ex. 1–2.) Exhibit One contains six still images captured from videos taken on four dates in 2013 and 2014. (See Greenberg Dec. Ex. 1). On each of the still images, which depict a person alleged to be Defendant, Greenberg has drawn notes and made other

markings asserting that the still image captures Defendant engaging in allegedly illegal conduct. (See id.) Defendant rightfully points out that these relatively blurry still images, extracted from longer videos and contextualized only by Greenberg's notes asserting her view of the interactions, leave Defendant unable to challenge Plaintiff's allegation that Defendant was improperly touching, grabbing, following, pinning, or otherwise harassing patients, (Pl. Mem. of Law at 16), as opposed to engaging in consensual conversation, (Def. Mot. at 3). Because for the limited purpose of opposing the preliminary injunction, Defendant only needs information related to the evidence that Plaintiff intends to offer at the hearing, the Court finds that Defendant is entitled to the four videos from which the images in the Greenberg Declaration were taken, and any other video or audio files from which excerpts depicting or recording Defendant will be used by Plaintiff at the preliminary injunction hearing. This limited discovery is reasonable under the circumstances and, to the extent that the request seeks only videos that are in Plaintiff's possession or control, imposes little burden on Plaintiff.

Defendant's request also meets the Notaro factors. First, if Plaintiff succeeds at the preliminary injunction hearing, Defendant's First Amendment rights will be circumscribed. It is well-settled that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Second, assuming Defendant is correct that the still images in the Greenberg Declaration are misleading, there is "some probability" that Defendant will avoid being preliminarily enjoined if she is able to present the full context of the videos at the hearing. On this point, the Court notes that Plaintiff's argument that Defendant does not need this discovery because it is Plaintiff's burden to prove that Defendant engaged in the illegal conduct, not Defendant's burden to disprove, misses the mark. Although certainly Defendant need not affirmatively prove that she *did not* engage in illegal

conduct in order to avoid the imposition of a preliminary injunction, this does not mean that she is required to sit back, hands tied, and permit Plaintiff to make its case without the opportunity to challenge the factual basis for its allegations. Third, should the requested discovery reveal that Defendant did not engage in illegal conduct, she would likely avoid the curtailment of her First Amendment rights. Finally, because Plaintiff need only provide materials in its possession or control, the injury to Plaintiff resulting from the expedited discovery is far less severe than the potential injury Defendant would face absent the discovery.

### 2. Non-Party Deposition

The Court finds that, at this juncture in the proceedings, Defendant has not established a need to take the deposition of the 103rd Precinct's Community Affairs Officer, who is not a party to this action. In her reply, Defendant concedes that she "has no personal knowledge of this officer's daily patrol schedule or any of his interactions with Choices employees" but only that, based on a declaration submitted with Plaintiff's motion, the officer has some interaction with Choices personnel. (D.E. # 59 at 5.) Absent any indication that the officer has direct knowledge of Defendant's activities in front of Choices or, more specifically, that the officer could shed light on the specific instances in which Plaintiff alleges that Defendant engaged in illegal conduct, it is not reasonable under the circumstances to impose this burden upon a non-party and there is no apparent "connection between the expedited discovery and the avoidance of the irreparable injury." Notaro, 95 F.R.D. at 405; Pietsch, 2016 WL 1069656, at *4 (denying expedited discovery where the moving party "has not provided any basis for the Court to reasonably conclude that any of the individuals and/or entities that he seeks to subpoena have the information he seeks"). The Court accordingly denies Defendant's request for a deposition of the officer.

## CONCLUSION

Accordingly, as is set forth above, Defendant's request for expedited discovery is granted in part and denied in part. Plaintiff is ordered, within **seven days** of this Order, to provide Defendant with the four videos from which the images in the Greenberg Declaration were taken, along with any other video or audio files from which excerpts depicting or recording Defendant will be used by Plaintiff at the preliminary injunction hearing.

SO ORDERED.

Dated: July 20, 2017
Brooklyn, New York

/s Carol Bagley Amon
Carol Bagley Amon
United States District Judge